**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | **CASE NO. 4:15 CR 96** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| Iraephraim X. Underwood, | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| Defendant. | ) | |

<u>**Introduction**</u>

This matter is before the Court upon defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 77). For the following reasons, the motion is DENIED.

<u>**Facts**</u>

After a jury convicted defendant of aggravated sexual abuse of a child and transporting a minor in interstate commerce with the intent to engage in unlawful sexual activity, this Court sentenced defendant to two concurrent terms of life imprisonment.

1

Defendant appealed his conviction and the Sixth Circuit Court of Appeals affirmed.

This matter is now before the Court upon defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.2005).

**Discussion**

Defendant sets forth four grounds for relief. Ground One asserts ineffective assistance of counsel. Ground Two asserts that the government failed to disclose evidence favorable to the defendant. Ground Three asserts that defendant is not guilty of the charges brought against him. Ground Four asserts that the jury was unconstitutionally selected and impaneled. For the following reasons, none of the grounds warrant relief.

In Ground One, defendant maintains that his counsel was ineffective because he did

not get a list of witnesses to subpoena, he was unprepared, he did not "bring forth" a bail hearing, and he failed to explain why a plea agreement would have been better than going to trial.

A defendant seeking to establish ineffective assistance of counsel must satisfy the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

In order to establish that his attorney's performance was deficient, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. Judicial scrutiny of counsel's performance, however, "must be highly deferential." *Id*. at 689. The reviewing court is also required to recognize that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. In order to establish that counsel's deficient performance prejudiced the defendant, he must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Defendant's assertion that his counsel failed to "get a list of witnesses" to subpoena is insufficient to show deficient performance. Courts recognize, "Counsel traditionally enjoys

'discretion over deciding which witnesses to call and how to examine them.' " *Common v. United States*, 2018 WL 4604018 (E.D.Tenn. Sept. 25, 2018) (quoting *Carter v. Mitchell*, 829 F.3d 455, 471 (6th Cir.2016)) Accord *Rayborn v. United States*, 489 Fed.Appx. 871, 878 (6th Cir. 2012) ("[w]hether to call a witness and how to conduct a witness' testimony are classic questions of trial strategy that merit *Strickland* deference"). Additionally, while defendant's assertion that his counsel was unprepared is unsupported, the government demonstrates that counsel, in fact, did zealously represent defendant. (Doc. 80 at 6-7) Defendant's assertion regarding bail is also unsupported by the record which shows that he agreed to waive a detention hearing and consented to be held without bail. Nor did defendant show that counsel was deficient in not requesting a subsequent bond hearing where defendant had a prior conviction for child-rape. In all instances, defendant has failed to show prejudice. Finally, defendant's assertion that the benefits of a plea deal were not discussed is completely belied by the transcript of the final pre-trial hearing wherein a potential plea deal was discussed, defendant was informed of the benefits and risks, and defendant chose to go to trial instead. (Doc. 55) For these reasons, defendant's claim of ineffective assistance of counsel fails.

Ground Two asserts that the government failed to disclose evidence favorable to the defendant. Defendant cites to "court records, natural or other sexual partners, fact of other state cases." (Doc. 77 at 5) Otherwise, defendant does not discuss this claim. Regardless, the claim is procedurally defaulted because defendant did not raise this issue on direct appeal and so cannot raise it on collateral review. Nor does defendant show good cause for failing to raise the issue, or prejudice if unable to proceed on it. *Regalado v. United States,* 334 F.3d 520 (6th Cir. 2003). Defendant does assert actual innocence, which is his third ground herein,

which could excuse default.  But, he cites no new evidence or change in law which would support such a claim.

Ground Four asserts that the jury was unconstitutionally selected and impaneled. This claim is also procedurally defaulted because it was not raised on direct appeal.  Nor does defendant show cause or prejudice.

**Conclusion**

For the foregoing reasons, defendant's Motion to Vacate Under Section 2255 is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. §  1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 10/2/18